UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XIFIN, INC., a California corporation,<br><br>     Plaintiff,<br><br>v.<br><br>BIOPATH HOLDINGS LABS, LLC, dba BIOPATH CLINICAL LABS, DOES 1, BIOPATH LAB HOLDINGS, LLC, and DOES 2-10, inclusive,<br><br>     Defendants.<br>_____<br>BIOPATH LAB HOLDINGS, LLC, a New York limited liability company,<br><br>    Counterclaimant,<br><br>v.<br><br>XIFIN, INC., a California corporation,<br><br>    Counterdefendant.<br>_____ | Case No. 07cv1128-LAB (BLM)<br><br>**NOTICE AND ORDER SETTING EARLY NEUTRAL EVALUATION CONFERENCE** |

///

///

///

**IT IS HEREBY ORDERED** that an Early Neutral Evaluation (ENE) of your case will be held on **August 17, 2007** at **9:30 a.m.** in the chambers of the Honorable Barbara L. Major, United States Magistrate Judge, **located at 940 Front Street, Suite 5140, San Diego, California, 92101**.

**The following are mandatory guidelines for the parties preparing for the Early Neutral Evaluation Conference.**

1.  **Purpose of Conference**:  The purpose of the ENE is to permit an informal discussion between the attorneys, parties, and the settlement judge of every aspect of the lawsuit in an effort to achieve an early resolution of the case.  All conference discussions will be informal, off the record, privileged, and confidential. Counsel for any non-English speaking party is responsible for arranging for the appearance of an interpreter at the conference.

2.  **Personal Appearance of Parties Required**:  All parties, adjusters for insured defendants, and other representatives of a party having full and complete authority to enter into a binding settlement, and the principal attorneys responsible for the litigation, must be present **in person** and legally and factually prepared to discuss settlement of the case.  Counsel appearing without their clients (whether or not counsel has been given settlement authority) will be cause for immediate imposition of sanctions and may also result in the immediate termination of the conference.

Unless there are extraordinary circumstances, persons required to attend the conference pursuant to this Order shall not be excused from personal attendance.  **Requests for excuse from attendance for extraordinary circumstances shall be made in writing at least three (3) court days prior to the conference.**  Failure to appear at the ENE conference will be grounds for sanctions.

3.  **Full Settlement Authority Required**:  In addition to counsel who will try the case, a party or party representative with <u>full settlement authority</u>[1] must be present for the conference.  In the case of a corporate entity, an authorized representative of the corporation who is not retained outside counsel must be present and must have discretionary authority to commit the company to pay an amount up to the amount of the Plaintiff's prayer (excluding punitive damages prayers).  The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior.  <u>Counsel for a government entity may be excused from this requirement so long as the government attorney who attends the ENE conference (1) has primary responsibility for handling the case, and (2) may negotiate settlement offers which the attorney is willing to recommend to the government official having ultimate settlement authority.</u>

4.  **Confidential ENE Statements Required**:  No later than five (5) court days prior to the ENE, the parties shall submit confidential statements no more than ten (10) pages[2] in length directly to the chambers of the Honorable Barbara L. Major.  **These confidential**

---

[1]  "Full settlement authority" means that the individuals at the settlement conference must be authorized to explore settlement options fully and to agree at that time to any settlement terms acceptable to the parties.  <u>Heileman Brewing Co. v. Joseph Oat Corp.</u>, 871 F.2d 648, 653 (7th Cir. 1989).  The person needs to have "unfettered discretion and authority" to change the settlement position of a party.  <u>Pitman v. Brinker Int'l, Inc.</u>, 216 F.R.D. 481, 485-86 (D. Ariz. 2003).  The purpose of requiring a person with unlimited settlement authority to attend the conference contemplates that the person's view of the case may be altered during the face to face conference.  <u>Id.</u> at 486.  A limited or a sum certain of authority is not adequate.  <u>See</u> <u>Nick v. Morgan's Foods, Inc.</u>, 270 F.3d 590, 595-97 (8th Cir. 2001).

[2]  The parties shall not append attachments or exhibits to the ENE statement.

**statements shall not be filed or served on opposing counsel.**   Each party's confidential statement must include the following:

   a.   A brief description of the case, the claims and/or counterclaims asserted, and the applicable defenses or position regarding the asserted claims;

   b.   A specific and current demand or offer for settlement addressing all relief or remedies sought.  If a specific demand or offer for settlement cannot be made at the time the brief is submitted, then the reasons therefore must be stated along with a statement as to when the party will be in a position to state a demand or make an offer; and

   c.   A brief description of any previous settlement negotiations, mediation sessions, or mediation efforts.

   General statements that a party will "negotiate in good faith" is not a specific demand or offer contemplated by this Order.  It is assumed that all parties will negotiate in good faith.

   5.   **New Parties Must be Notified by Plaintiff's Counsel**: Plaintiff's counsel shall give notice of the ENE to parties responding to the complaint after the date of this notice.

   6.   **Requests to Continue an ENE Conference**:  Local Rule 16.1(c) requires that an ENE take place within forty-five (45) days of the filing of the first answer.  Requests to continue ENEs are rarely granted.  However, the Court will consider formal, written, *ex parte* requests to continue an ENE conference when extraordinary circumstances exist that make a continuance appropriate.  In and of itself, having to travel a long distance to appear in person is not "extraordinary."

///

///

///

**Absent extraordinary circumstances, requests for continuances will
not be considered unless submitted in writing no less than seven (7)
days prior to the scheduled conference.**

Questions regarding this case or the mandatory guidelines set forth
herein may be directed to the Magistrate Judge's law clerk at (619) 557-
7372.

DATED:  July 13, 2007

BARBARA L. MAJOR
United States Magistrate Judge

COPY TO:

HONORABLE LARRY A. BURNS
U.S. DISTRICT JUDGE

ALL COUNSEL

## NOTICE OF RIGHT TO CONSENT TO TRIAL

### BEFORE A UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of 28 U.S.C. § 636(c), you are hereby notified that a U.S. Magistrate Judge of this district may, upon the consent of all parties, on Form 1A available in the Clerk's Office, conduct any or all proceedings, including a jury or non-jury trial, and order the entry of a final judgment.  Counsel for the plaintiff shall be responsible for obtaining the consent of all parties, should they desire to consent.

You should be aware that your decision to consent or not to consent is entirely voluntary and should be communicated solely to the Clerk of Court.  Only if all parties consent will the Judge or Magistrate Judge to whom the case has been assigned be informed of your decision.

Judgements of U.S. Magistrate Judges are appealable to the U.S. Court of Appeals in accordance with this statute and the Federal Rules of Appellate Procedure.

07cv1128-LAB (BLM)