1
2
3
4
5
6
7

8                       UNITED STATES DISTRICT COURT

9                      SOUTHERN DISTRICT OF CALIFORNIA

10

11  XIFIN, INC., a California        )  Case No. 07cv1128-LAB (BLM)
    corporation,                     )
12                                   )  **CASE MANAGEMENT CONFERENCE**
                 Plaintiff,          )  **ORDER REGULATING DISCOVERY AND**
13                                   )  **OTHER PRETRIAL PROCEEDINGS**
    v.                               )
14                                   )  (Fed. R. Civ. P. 16)
    BIOPATH HOLDINGS LABS, LLC, dba  )  (Local Rule 16.1)
15  BIOPATH CLINICAL LABS, DOES 1,   )  (Fed. R. Civ. P. 26)
    BIOPATH LAB HOLDINGS, LLC, and   )
16  DOES 2-10, inclusive,            )
                                     )
17               Defendants.         )
                                     )
18  _____ )
    BIOPATH LAB HOLDINGS, LLC, a     )
19  New York limited liability       )
    company,                         )
20                                   )
              Counterclaimant,       )
21                                   )
    v.                               )
22                                   )
    XIFIN, INC., a California        )
23  corporation,                     )
                                     )
24            Counterdefendant.      )
    _____ )
25

26  ///

27  ///

28  ///

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, a telephonic Case Management Conference was held on September 20, 2007 at 2:00 p.m. After consulting with the attorneys of record for the parties and being advised of the status of the case, and good cause appearing,

**IT IS HEREBY ORDERED:**

1. The parties shall submit an executed proposed protective order to the Court on or before **October 19, 2007**.

2. Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be **filed** on or before **October 22, 2007**.

3. The parties shall designate their respective case-in-chief experts in writing on or before **December 21, 2007.** Rebuttal experts shall be designated on or before **January 11, 2008**. The written designations shall include the name, address, and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

4. Each expert witness designated by a party shall prepare a written report to be provided to all other parties **no later than February 22, 2008**, containing the information required by Fed. R. Civ. P. 26(a)(2)(A) and (B).

5. Any party, through any expert designated, shall in accordance with Fed. R. Civ. P. 26(a)(2)(C) and Fed. R. Civ. P. 26(e), supplement any of its expert reports regarding evidence intended solely to contradict or rebut evidence on the same subject matter identified in an expert report submitted by another party. Any such supplemental reports are due on or before **March 7, 2008.**

///

**Please be advised that failure to comply with expert discovery or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37 including a prohibition on the introduction of experts or other designated matters in evidence.**

6.   All discovery, including expert discovery, shall be completed by all parties on or before **April 25, 2008**.  "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, <u>so that it may be completed by the cut-off date</u>, taking into account the times for service, notice, and response as set forth in the Federal Rules of Civil Procedure.

Counsel shall promptly and **in good faith** meet and confer **in person** with regard to all discovery disputes in compliance with Civil Local Rules 16.5(k) and 26.1(a).  **All discovery motions shall be filed within thirty (30) days after counsel have met and conferred in person and in good faith and reached an impasse with regard to any particular discovery issue, but in no event shall discovery motions be filed more than sixty (60) days after the date upon which the event giving rise to the discovery dispute occurred.**  For oral discovery, the event giving rise to the discovery dispute is the completion of the transcript of the affected portion of the deposition.  For written discovery, the event giving rise to the discovery dispute is either the service of the response, or, if no response was served, the initial date the response was due.  **In addition, all discovery motions must be filed within thirty (30) days after the close of discovery.**

7.   All other pretrial motions must be filed on or before **May 27, 2008**.  Motions will not be heard or calendared unless counsel for the moving party has obtained a motion hearing date from the law clerk of

the judge who will hear the motion.  Failure to timely request a motion date may result in the motion not being heard.  <u>Motions will not be heard unless you have obtained a date from the judge's law clerk</u>.

Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of the judge who will hear the motion.  No reply memorandum shall exceed ten (10) pages without such leave of court.  Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

8. A Mandatory Settlement Conference shall be conducted on **<u>December 17, 2007</u>** at **<u>9:30 a.m.</u>** in the chambers of Magistrate Judge Barbara L. Major located at **<u>940 Front Street, Suite 5140, San Diego, CA 92101</u>**.  All discussions at the Mandatory Settlement Conference will be informal, off the record, privileged, and confidential. Counsel for any non-English speaking party is responsible for arranging for the appearance of an interpreter at the conference.

a. **Personal Appearance of Parties Required**: All parties, adjusters for insured defendants, and other representatives of a party having full and complete authority to enter into a binding settlement, as well as the principal attorneys responsible for the litigation, must be present **in person** and legally and factually prepared to discuss settlement of the case.  <u>Counsel appearing without their clients (whether or not counsel has been given settlement authority) will be cause for immediate imposition of sanctions and may also result in the immediate termination of the conference.</u>

Unless there are extraordinary circumstances, persons required to attend the conference pursuant to this Order shall not be excused from personal attendance.  **Requests for excuse from attendance for**

**extraordinary circumstances shall be made <u>in writing</u> at least three (3) court days prior to the conference.** Failure to appear **<u>in person</u>** at the Mandatory Settlement Conference will be grounds for sanctions.

      b.    **Full Settlement Authority Required**:  In addition to counsel who will try the case, a party or party representative with <u>full settlement authority</u>[1] must be present for the conference.  In the case of a corporate entity, an authorized representative of the corporation who is not retained outside counsel must be present and must have discretionary authority to commit the company to pay an amount up to the amount of the Plaintiff's prayer (excluding punitive damages prayers). The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior.  <u>Counsel for a government entity may be excused from this requirement so long as the government attorney who attends the Mandatory Settlement Conference (1) has primary responsibility for handling the case, and (2) may negotiate settlement offers which the attorney is willing to recommend to the government official having ultimate settlement authority.</u>

      c.    **Confidential Settlement Statements Required**:  No later than **December 10, 2007**, the parties shall submit directly to Magistrate

---

[1] "Full settlement authority" means that the individuals at the settlement conference must be authorized to explore settlement options fully and to agree at that time to any settlement terms acceptable to the parties.  <u>Heileman Brewing Co. v. Joseph Oat Corp.</u>, 871 F.2d 648, 653 (7th Cir. 1989).  The person needs to have "unfettered discretion and authority" to change the settlement position of a party.  <u>Pitman v. Brinker Int'l, Inc.</u>, 216 F.R.D. 481, 485-86 (D. Ariz. 2003).  The purpose of requiring a person with unlimited settlement authority to attend the conference contemplates that the person's view of the case may be altered during the face to face conference.  <u>Id.</u> at 486.  A limited or a sum certain of authority is not adequate.  <u>See</u> <u>Nick v. Morgan's Foods, Inc.</u>, 270 F.3d 590, 595-97 (8th Cir. 2001).

Judge Major's chambers confidential settlement statements no more than five (5) pages in length.  **These confidential statements shall not be filed or served on opposing counsel.**  Each party's confidential statement must include the following:

       (i)  A brief description of the case, the claims and/or counterclaims asserted, and the applicable defenses or position regarding the asserted claims;

       (ii) A specific and current demand or offer for settlement addressing all relief or remedies sought.  If a specific demand or offer for settlement cannot be made at the time the brief is submitted, then the reasons therefore must be stated along with a statement as to when the party will be in a position to state a demand or make an offer; and

       (iii)  A brief description of any previous settlement negotiations, mediation sessions, or mediation efforts.

General statements that a party will "negotiate in good faith" is not a specific demand or offer contemplated by this Order.  It is assumed that all parties will negotiate in good faith.

       d.  **Requests to Continue a Mandatory Settlement Conference**: Any request to continue the Mandatory Settlement Conference or request for relief from any of the provisions or requirements of this Order must be sought by a **written *ex parte* application**.  The application must (1) be supported by a declaration of counsel setting forth the reasons and justifications for the relief requested, (2) confirm compliance with Civil Local Rule 26.1, and (3) report the position of opposing counsel or any unrepresented parties subject to the Order. **Absent extraordinary circumstances, requests for continuances will not be considered unless submitted in writing no fewer than (7) days prior to the scheduled**

**conference.**

**If the case is settled in its entirety before the scheduled date of the conference, counsel and any unrepresented parties must still appear in person, unless a written joint motion confirming the complete settlement of the case is submitted no fewer than twenty-four (24) hours before the scheduled conference.**

    9.    Counsel shall make their Pretrial Disclosures required by Fed. R. Civ. P. 26(a)(3) on or before **September 8, 2008**.

    10.    Counsel may object to Pretrial Disclosures on or before **September 15, 2008**.

    11.    Despite the requirements of Civil Local Rule 16.1(f)(2), neither party is required to file a Memorandum of Contentions of Fact and Law at any time.  The parties shall instead focus their efforts on drafting and submitting a proposed pretrial order by the time and date specified by Civil Local Rule 16.1(f)(6)(b).  The proposed pretrial order shall comply with Civil Local Rule 16.1(f)(6) and the Standing Order in Civil Cases issued by the Honorable Larry A. Burns.

    12.    On or before **September 22, 2008**, counsel shall meet and take the action required by Local Rule 16.1(f)(4).

    13.    The Proposed Final Pretrial Conference Order shall be prepared, served, and lodged with the Honorable Larry A. Burns on or before the time and date specified by Civil Local Rule 16.1(f)(6)(b).

    14.    The final Pretrial Conference is scheduled on the calendar of the Honorable Larry A. Burns on **September 29, 2008** at **11:15 a.m**.

    15.    A post-trial settlement conference before a magistrate judge may be held within thirty days of verdict in the case.

    16.    The dates and times set forth herein will not be modified except for good cause shown.

17. Plaintiff's(s') counsel shall serve a copy of this order and the Standing Order in Civil Cases issued by the Honorable Larry A. Burns on all parties that enter this case hereafter.

DATED: September 21, 2007

*Barbara L. Major*

BARBARA L. MAJOR
United States Magistrate Judge

COPY TO:

HONORABLE LARRY A. BURNS
UNITED STATES DISTRICT JUDGE

ALL COUNSEL